NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
FILED
AUG 2 9 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-294-JMH

MILLARD D. LOFTIS     PETITIONER

VS: **MEMORANDUM OPINION AND ORDER**

JOSEPH BOOKER, Warden     RESPONDENT

Millard D. Loftis, an individual incarcerated in the Federal Medical Center (FMC) in Lexington, Kentucky, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has paid the $5.00 district court filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

JUDICIAL NOTICE

The Court takes judicial notice of the instant petitioner's other appearances in his Court. In *Loftis v. Snyder*, Lex. No. 02-CV-416-JMH, a habeas proceeding pursuant to 28 U.S.C. §2241, he challenged the federal sentences which he is currently serving. Citing the standards set out in *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), this Court found that it could not reach the merits of his claims under its §2241 jurisdiction, because he had not shown his remedy by a §2255 motion to the trial court to be inadequate or ineffective. Therefore, on October 28, 2002, the undersigned dismissed the action, *sua sponte*. Although the petitioner took an appeal and paid the

appellate filing fee, he later moved to dismiss the appeal and the dismissal was granted.

Next, Mr. Loftis filed what he labeled as another petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, *Loftis v. Booker*, Lex. No. 04-223-KSF, but he did not pay the district court filing fee. Because the purported petitioner was seeking injunctive relief from the BOP as to the size of the payments the agency was deducting to pay his court-ordered fine, the Court construed the matter as actually one under 28 U.S.C. §1331, for which the filing fee was $150.00. When the Court entered a deficiency order for that amount and Loftis refused to pay it, the Court ordered his cause of action dismissed for failure to prosecute on September 3, 2004. The petitioner took no appeal.

More recently, on June 29, 2005, he paid the $5.00 filing fee and submitted yet another §2241 petition for writ of habeas corpus. In *Loftis v. Booker*, 05-CV-271-JMH, he explained that since April 24, 1992, he has been serving two consecutive sentences which total 211 months' imprisonment, and he claimed that the Bureau of Prisons' method of calculating the award of good conduct time credits toward his sentence was a violation of his federal rights in several respects. This Court has already rejected each of these grounds, *sua sponte*, found that the petitioner had failed to state a cognizable claim, and entered Judgment against him.

## CLAIMS

This time the petitioner challenges his sentences on the grounds that (1) they violate his Fifth and Sixth Amendment rights, under intervening decisions by the Supreme Court of the United States, the petitioner referencing *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Ring v. Arizona,* 536 U.S. 584 (2002); *Blakely v. Washington,* 542 U.S. ----, 124 S.Ct. 2531 (2004); and *United States v. Booker,* 543 U.S. ----, 125 S.Ct. 738 (2005); (2) they raise ex post facto concerns; and (3) it would be a "manifest miscarriage of justice," to permit his sentences to stand after these decisions.

2

Further, (4) *Charles v. Chandler* case is "simply not applicable in the new legal landscape created by Blakely and Booker," and so this Court may reach his claims under 28 U.S.C. §2241.

The petitioner asks this Court to vacate his sentences.

## DISCUSSION

As the instant petitioner was informed before, the general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge *execution* of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Since the Petitioner's claims relate to the conviction obtained and sentence imposed by the federal district court in the Eastern District of Texas, they are not ordinarily cognizable claims for this Court under 28 U.S.C. §2241.

Nevertheless, certain language in the fifth paragraph of 28 U.S.C. §2255 provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71. Use of the savings clause has undergone an upsurge in popularity in recent years. In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for use of a firearm in relation to a drug offense. Numerous prisoners who had been convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had

3

claims of actual innocence.

Claimants under the Supreme Court's new opinion, however, were often effectively barred from bringing their claims because they had already filed a §2255 motion, and successive motions had become difficult to obtain because of Congress's enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996. The new legislation imposed several statutory restrictions on a prisoners' ability to file habeas petitions under 28 U.S.C. §§2254 and 2255, including a one-year statute of limitations and the stringent requirement that a prisoner who has already filed an unsuccessful §2255 motion and who wished to raise issues in a second or successive motion must receive pre-authorization from the appropriate circuit court.

Therefore, from 1996 to the present, prisoners like the petitioner here have tried to meet the conditions of the savings clause of §2255, so that they may use §2241 to bring a successive or untimely §2255 claim. In the first published case in this circuit, *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), the Sixth Circuit emphasized that relief under §2241 is not a "catch all" remedy, but is extremely limited, available only upon the petitioner's demonstration that his §2255 remedy is truly "inadequate and ineffective." The Court specified that an earlier unsuccessful §2255 motion or current time bar will not meet this standard. *Id.* at 757. Moreover, the burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. Following the rationale from three other circuits, the Sixth Circuit found that Petitioner Charles had failed to show either a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or newly discovered evidence sufficient to establish by clear and convicting evidence that no reasonable fact finder would have returned a guilty verdict. Because Petitioner Charles had clearly failed to demonstrate either, the appellate court affirmed the *sua sponte* dismissal of his §2241

4

petition by this Court. *Id.* at 757.

The Sixth Circuit used the same inquiry and reached a contrasting result in the later case of *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), also arising from this Court. The appellate court first traced the petitioner's unsuccessful efforts to get a claim based on *Jones v. United States*, 529 U.S. 848 (2000), heard via a §2255 motion to the trial court, including, finally, an application to the appropriate appellate court for permission to bring the claim in a successive §2255 motion to the trial court, which was denied. At that point, Martin's remedy by §2255 was truly barred. The Sixth Circuit next examined the claim based on the recent *Jones* opinion, wherein the Supreme Court held that a conviction under the federal arson statute requires a nexus between the defendant's conduct and interstate commerce.

The Sixth Circuit concluded that if the facts were as Petitioner Martin had stated, "then Martin is correct in his claim that he is factually innocent of violation of the arson statute." *Id.*, 319 F.3d at 804. Therefore, the Court adopted a second prerequisite for entertaining a §2241 petition, *i.e.*, actual innocence. The *Martin* Court found that the petitioner had demonstrated that he had been barred from filing a successive §2255 motion, thus meeting the "inadequate or ineffective" criteria, and had also demonstrated that his claim of "actual innocence" of violating the federal arson statute as the statute is explained under the Supreme Court's *Jones* decision. Accordingly, the matter was remanded to this Court to hear the merits of Martin's claim about the lack of a nexus[1] under its §2241 jurisdiction. *Id.* at 805.

---

[1] After *Martin* was remanded to this Court for consideration, he lost on the merits of his actual innocence claim. Upon his appeal of that ruling, the Sixth Circuit affirmed this Court's decision. *Martin v. Perez*, 391 F.3d 799, 803 (6th Cir. 2004).

Based upon this authority, this Court evaluates whether the instant petitioner has established both of the requisite pre-conditions so that the Court may use §2241 to weigh his challenges to his convictions and sentence on the merits, *i.e.*, (1) whether he has been barred from filing a §2255 motion to raise an innocence claim; *and* (2) whether he is making a claim of actual innocence based on an intervening Supreme Court decision that narrowly defines a term of the statute under which he was convicted. Then and only then will this Court be able to address the merits of the innocence claim under 28 U.S.C. §2241.

In this case, the Court finds that Petitioner Loftis has failed to present either of these prerequisites. He does not allege that he sought permission from the appellate court to bring this claim in a successive §2255 motion and was denied. Nor does he claim actual innocence of the crimes for which he was convicted and sentenced, based upon an intervening Supreme Court case interpreting that crime. Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998), with the Supreme Court noting that, "[t]o establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court went on to state, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

All of this petitioner's claims are actually legal ones, and case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment. See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not

6

prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same). At most, as this Court told Mr. Loftis several years ago, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant petitioner "is innocent . . . only in the technical sense." *Id.* at 609.

Even if the Court were to consider his claims based upon the Supreme Court decisions relied upon herein, *Booker* is not applicable to cases that were final prior to the date of the Supreme Court's decision, as the petitioner's was. Moreover, the Sixth Circuit has specifically determined *Booker* is not applicable on collateral review. *See Humphress v. United States*, 398 F.3d 855 (6th Cir.2005) (*Booker's* rule does not apply retroactively in collateral proceedings); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir.2005) (""It follows that because *Booker*, like *Blakely* and *Ring*, is based on an extension of *Apprendi*, [the petitioner] cannot show that the Supreme Court has made that decision [*Booker*] retroactive to cases already final on direct review."").

Therefore, the petitioner having failed to pass the threshold of demonstrating that his remedy *via* a §2255 motion to the trial court is barred and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States, the instant petition must be denied and his cause dismissed.

## CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1) Petitioner Loftis' petition for writ of habeas corpus is **DENIED**.

(2) This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor

7

of the respondent.

This the 29th day of August, 2005.

                                                      JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: